GRIFFIN, Judge.
The defendant appeals, seeking a reversal of his convictions for burglary, grand theft and unlawful use of a driver’s license, claiming the lower court erred in denying his motion to suppress the results of the warrantless examination of his automobile trunk by police. We affirm because the police had probable cause to believe that his vehicle contained evidence of a crime and because, even if there were error, it was utterly harmless in light of the lack of specificity in the officers’ testimony, the tangential nature of the evidence and the other evidence of guilt.
The basic facts are that two young women awoke to find a stranger, the defendant, naked and asleep in bed with them, apparently passed out drunk. They called the police. When the police arrived, they found that the defendant had stacked up by the door several personal items belonging to the two victims, as if in preparation to remove them. They also inspected his clothing in which they found his car registration and the key. Based on the residents’ information that several audio tapes were missing from their apartment, the officers searched for and located his car nearby, looked through the windows into the interior and were able to see several tapes on the floor. They then entered the vehicle and found a box of tapes in the covered hatchback trunk. The residents were unable to identify the tapes on the floor of the car as being their property but were not” asked about the tapes in the trunk. Subsequently, in an investigation involving another criminal matter, a volume of tapes belonging to these victims/residents was found at the appellant’s residence. We conclude that the observation of the tapes on the floor, in light of the attendant circumstances, was sufficient to authorize the search of the entire vehicle and that the lower court correctly denied appellant’s motion. See California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); United States v. Perry, 925 F.2d 1077 (8th Cir.), cert. denied, — U.S.—, 112 S.Ct. 152,116 L.Ed.2d 117 (1991); State v. Starkey, 559 So.2d 335 (Fla. 1st DCA 1990).
AFFIRMED.
GOSHORN, J., concurs.^
DAUKSCH, J., concurs specially in conclusion only, without opinion.